IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID ELLENBURG and CARY EISENBERG, | ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| GROUNDFLOOR FINANCE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs David Ellenburg ("Plaintiff Ellenburg") and Cary Eisenberg ("Plaintiff Eisenberg") (Plaintiff Ellenburg and Plaintiff Eisenberg collectively referred to as "Plaintiffs"), and files this Complaint against Defendant Groundfloor Finance, Inc. ("Defendant"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiffs' employment with Defendant.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant is subject to jurisdiction in this Court. In addition, a substantial part of the acts and omissions that give rise to Plaintiffs' claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.     Parties and Facts

5.

Plaintiffs are residents of the State of Georgia.

6.

Plaintiffs were "employees" of Defendant during the periods referenced above, as that term has been by the FLSA, 29 U.S.C. §203(e).

7.

Throughout Plaintiffs' employment with Defendant, Plaintiffs' primary duty was non-exempt work, specifically inside sales work.

8.

Both Plaintiffs earned more than half of their compensation from their salaries. Throughout Plaintiffs' employment they were not paid overtime compensation, calculated at one and one-half times their regular rates, for the hours they worked in excess of 40 in work weeks.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

While employed by Defendant as salaried employees, Plaintiffs regularly worked an amount of time that was more than 40 hours in given workweeks and were not paid the overtime wage differential for hours they worked over 40 in workweeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 annually in 2015, 2016, and 2017.

12.

Defendant knew or had reason to know that Plaintiffs regularly worked in excess of 40 hours in workweeks without overtime compensation.

13.

Defendant are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

14.

Defendant failed to pay Plaintiffs the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiffs worked over forty (40) hours in a workweek.

15.

Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

## Count I

## Violations of the Fair Labor Standards Act.

16.

Plaintiffs repeat and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

17.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in given workweeks.

18.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

19.

Defendant's violations of the FLSA were willful and in bad faith.

20.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

21.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiffs sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.  Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A)  Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiffs' rights have been violated and that Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiffs to amend their Complaint to add state law claims if necessary;

(E) Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 22nd day of February 2018.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com