# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Cary Eisenberg ("Plaintiff" or "Eisenberg"), and Groundfloor Finance, Inc. ("Defendant" or "Groundfloor").

WHEREAS, Plaintiff filed a lawsuit now pending against Defendant in the U.S. District Court for the Northern District of Georgia, *David Ellenburg, et al. v. Groundfloor Finance, Inc.*, Case No. 1:18-cv-00801-MLB the "Lawsuit"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA");

WHEREAS, Defendant has been served with the Lawsuit, filed an Answer and Defenses, and denied and continues to deny liability to Eisenberg for the matters alleged or which could have been alleged in the Lawsuit;

WHEREAS, Defendant filed Counterclaims against Plaintiff alleging, among other things, breach of fiduciary duty and breach of contract (the "Counterclaims");

WHEREAS, Defendant disputes that it has violated Eisenberg's rights under the FLSA or that it has violated Eisenberg's rights under any other state, federal or local law or common law;

WHEREAS, Eisenberg denied and continues to deny liability to Defendant for the matters alleged or which could have been alleged in the Counterclaims; and

WHEREAS, Plaintiff and Defendant (collectively the "Parties") desire to settle fully and finally any and all of Plaintiff's claims and Defendant's Counterclaims arising out of the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the Parties as follows:

1.  **Consideration**.  In consideration for Plaintiff's agreement to the provisions contained in this Agreement, Defendant agrees:

    a.  Defendant will pay Plaintiff $15,362.50, payable in two amounts.  The first amount will be payable to Cary Eisenberg in the gross sum of $7,681.25 (seven thousand, six hundred, and eighty-one dollars and twenty-five cents), less any and all withholdings requested or required under applicable laws or regulations, and for which Defendant shall issue a W-2.  The payment shall constitute one dollar more than complete payment for all wages alleged to be owed.  The second amount will be payable to Cary Eisenberg for liquidated and other non-taxable damages, including emotional distress damages, interest, and civil and statutory penalties, as well as reimbursement for costs, and all legally required or authorized deductions in the gross sum of $7,681.25 (seven thousand, six hundred, and eighty-one dollars and twenty-five cents), and for which Defendant shall issue a 1099 form designating this payment as "other income."  Plaintiff will complete and provide W-4 and W-9 forms to Defendant in advance of these payments.

    b.  Defendant will pay to Plaintiff's counsel the gross amount of $10,637.50 (ten thousand, six hundred, and thirty-seven dollars and fifty cents), reflecting Plaintiff's attorneys' fees

and costs in connection with the Lawsuit. This amount will be payable to Barrett & Farahany, LLP. Defendant further requires completion of a W-9 by Plaintiff's counsel before payment can be issued and will issue a 1099 for this payment to both Barrett & Farahany, LLP and to Cary Eisenberg.

c.      $13,000 of the amount in Paragraphs 1.a and b. above shall be mailed to Plaintiff's counsel, with $6,500 allocated to Eisenberg and $6,500 allocated to Eisenberg's counsel, within fifteen (15) business days after the occurrence of the last of the following required conditions precedent: 1) Plaintiff signs this Agreement; 2) Defendant receives the required tax identification information from Plaintiff and Plaintiff's counsel; 3) receipt of the fully executed and notarized original of this Agreement by Groundfloor's attorney, Kathryn S. McConnell, Esq. of Littler Mendelson, PC, 3344 Peachtree Road, NE, Suite 1500, Atlanta, Georgia 30326 by United States Mail or at KMcConnell@littler.com; and 4) an Order from the Court approving this Agreement and the dismissal of the Lawsuit with prejudice. The remaining $13,000 of the amount in Paragraphs 1.a and b. above shall be mailed to Plaintiff's counsel, with $8,862.50 allocated to Eisenberg and $4,137.50 allocated to Eisenberg's counsel, within forty-five (45) business days after the occurrence of the last of the required conditions precedent above. Defendant's failure to timely make one or more of the payments in this Paragraph, after Plaintiff issues a notice of default and Defendant has five (5) days to cure, shall accelerate the entire balance as immediately due and payable. Each Party agrees to bear its own fees and costs in connection with any other work required for completion of the settlement.

d.      Plaintiff agrees that the foregoing constitutes an accord and satisfaction and a full and complete settlement of his claims in the Lawsuit and constitutes the entire amount of monetary consideration to be provided to Plaintiff pursuant to this Agreement. Plaintiff agrees that he will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this Agreement.

**2.      No Pending Actions and Covenant Not to Sue.** With the exception of the Lawsuit referenced above, filed in federal court, Plaintiff represents he has not filed, lodged, claimed, or asserted any charge, complaint, claim, causes of action, debt, sum of money, controversy agreement, promise, or damages alleging any failure to provide any wages, compensation, or reimbursements allegedly due or seeking penalties or recovery of any sort based on any such alleged failure against Defendant, its officers, agents, directors, supervisors, current or former employees or representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns, and all persons acting by, through, under, or in concert with any of them (the "Released Parties") with any state, federal or local agency or court, and that he will not file, or assign to others the right to file, or make any further claims against Defendant, or any of the Released Parties, at any time for actions taken up to and including the date Plaintiff executes this Agreement. Should Plaintiff violate this provision, Plaintiff shall be liable to Defendant for its reasonable attorneys' fees and other litigation costs and expenses incurred in defending such action. Each signatory hereby warrants and represents that he or she or it has authority to bind the party or parties for whom such signatory acts, even those who are not signatories hereto, and further warrants and represents that the claims, suits, rights, and/or interests which are the subject matter of this litigation are owned by the party asserting same and have not been assigned, pledged, transferred or sold, except in connection with any fee agreement that such party has entered into with him or its counsel of record. Plaintiff understands and agrees that if any class

or other action is brought by a third party with regard to the claims and causes of action released in this Agreement, he will not accept any payments or monetary relief relating to any such claims or causes of action.

Plaintiff agrees to cause his attorney to file a Joint Motion to Approve Settlement Agreement with the Court by no later than July 30, 2018, indicating that a settlement has been reached between the Parties. The Joint Motion to Approve Settlement Agreement, among other things, will request that all case deadlines be suspended accordingly. Plaintiff also agrees that he will not seek any costs or fees in conjunction with any filings necessary to dismiss with prejudice the Lawsuit.

**3.     Release of Wage-Related Claims by Eisenberg.**  Plaintiff, without limitation, hereby irrevocably and unconditionally releases and forever discharges the Released Parties from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities related in any way to any alleged failure to properly pay Plaintiff for all time worked and/or work performed, including wages of any kind or nature whatsoever, known or unknown, fixed or contingent, suspected or unsuspected, arising under state, federal or local law or common law, including but not limited to, overtime, on-call pay, bonuses, commissions, benefits (paid and unpaid), business expense reimbursements, and other payments of any kind. All such claims, including related attorneys' fees and costs, are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort; any alleged unlawful act, any other claim or cause of action; and regardless of the forum in which they might be brought.

Plaintiff further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Plaintiff further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, other damages or any form of relief based upon any claims that have been asserted, could have been asserted or settled in a lawsuit that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any individual or any state or local governmental agency against Defendant.

**4.     Release of Counterclaims.**  In consideration of the benefits being provided to it under this Agreement, Defendant hereby irrevocably and unconditionally releases and forever discharges Plaintiff from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities related to Groundfloor's Counterclaims. All such claims, including related attorneys' fees and costs, are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort; any alleged unlawful act, any other claim or cause of action; and regardless of the forum in which they might be brought. This Paragraph does not relieve Plaintiff of his continuing obligations arising from his employment with Groundfloor, specifically including, but not limited to, the Proprietary Information Agreement that Plaintiff signed as a condition of his employment. The Parties agree that this release of Counterclaims shall not operate or be construed as waiver of any breach of the Proprietary Information Agreement or any breach arising from Eisenberg's conduct occurring after the date of this Agreement.

**5.     No Admission.**  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant or Defendant's employees of any liability whatsoever, or as admission by Defendant of any violation of the rights of Plaintiff, violation of any order, law, statute, duty or contract

whatsoever. Defendant specifically disclaims any liability to Plaintiff for any alleged violation of the FLSA or any other wage-related order, law, statute, duty or contract.

6.     **Tax Consequences of Settlement**.  The Parties understand and acknowledge that the amounts and allocation of the settlement, as set forth in Paragraph 1 of this Agreement, were agreed upon following arms-length negotiations, and were based upon the Parties' analyses of the claims, defenses and potential remedies involved. Except for the amounts withheld by Defendant from the payment specified in Paragraph 1 of this Agreement, Plaintiff agrees that Defendant is not liable for the payment of any tax assessed against Plaintiff in connection with this settlement. Rather Plaintiff agrees that any such tax shall be his sole responsibility.  Plaintiff agrees that, in the event that any tax, penalty or liability of any kind is assessed against or incurred by Defendant by reason of the payments described in Paragraph 1, Plaintiff will fully and completely indemnify and hold harmless Defendant from any liability, attorneys' fees, expenses and costs incurred by Defendant in connection with the tax treatment of any of the payments and/or the method utilized to make any of the payments.  Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of Defendant regarding the tax treatment of the payments described in Paragraph 1 of this Agreement, and Plaintiff hereby expressly acknowledges that he will rely solely on his own accountants, attorneys, or advisors for such advice or opinion.

7.     **Neutral Reference**. Defendant will respond to reference requests from potential employers regarding Plaintiff by providing only information stating the dates of employment and the position held by Plaintiff.  To facilitate such response, Plaintiff agrees to direct potential employers to contact Defendant's Employee Relations Manager at 404-850-9225.

8.     **Severability**.  The provisions of this Agreement are severable, and, if any part of this Agreement except Paragraph 2 or 3 is found by a court of law to be unenforceable, the remainder of the Agreement will continue to be valid and effective.  If Paragraph 2 or 3 is found to be unenforceable, the Parties agree to seek a determination by the court as to the rights of the Parties, including whether Plaintiff is entitled to retain the benefits paid to him under the Agreement.

9.     **Entire Agreement and Modification**.  The Parties represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys or representatives with regard to the claims and causes of action released in this Agreement, other than those specifically stated in this Agreement. This Agreement may only be amended or modified by a writing signed by the Parties.  Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated.

10.     **Interpretation and Governing Law**.  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties. This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Georgia without giving effect to the principles of conflicts of laws thereof.

11.     **Counterparts.**  This Agreement may be executed in multiple counterparts and may be executed electronically.  When each Party has signed and delivered at least one counterpart, each counterpart shall

be deemed an original, and all counterparts taken together shall constitute one agreement binding upon all Parties, regardless of whether each Party is a signatory to the same counterpart.

12.   **Voluntary Agreement.**  Plaintiff understands and agrees as follows:

a.   Plaintiff has had a reasonable time within which to consider this Agreement before executing it.

b.   Plaintiff has carefully read and fully understands all of the provisions of this Agreement, which is written in a manner that Plaintiff clearly understands.

c.   Plaintiff is, through this Agreement, releasing the Released Parties from any and all wage claims Plaintiff may have against any of the Released Parties arising before the execution of this Agreement.

d.   Plaintiff knowingly and voluntarily agrees to all of the terms in this Agreement.

e.   Plaintiff was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice prior to signing this Agreement. Plaintiff further acknowledges that Plaintiff has consulted with his attorney prior to signing this Agreement.

Dated: 6-27-19

By: _____
Cary Eisenberg

Dated: 6-28-18

Groundfloor Finance, Inc.

By: _____

Name: BRIAN DALLY

Title: President + CEO